**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.5:12CR0563** |
| | ) | **5:15CV2502** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **NATHANIEL D. GRUNDY,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant-Petitioner.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #204), claiming that his sentence must be vacated under *Johnson v. United States*, 135 S. Ct. 2551, 2015 WL 2473450 (June 26, 2015).  The Court subsequently appointed the Federal Public Defender to represent Petitioner.  Plaintiff-Respondent filed a Response to Petitioner's Motion.  (ECF#207).  Petitioner-Defendant  filed a Reply to Government's Response to Motion.  (ECF #210).  Respondent filed Government's Surreply.  (ECF#212).

Petitioner pleaded guilty to Conspiracy to Distribute and to Possess with Intent to

1

Distribute 100 Grams or More of Heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(B) on May 16, 2013, under a written Plea Agreement.  On August 22, 2013, the Court concluded that Petitioner was a Career Offender by virtue of his two prior Ohio Domestic Violence convictions.  Petitioner conceded that they were Career Offender predicate convictions.  The Court found Petitioner's offense level was 31, however, with a two-level reduction under U.S.S.G. § 5K1.1, his offense level was 29, Criminal History Category VI, yielding an advisory Guidelines range of 151 to 188 months.  Petitioner was sentenced to a 151-month term of imprisonment, followed by a four-year term of Supervised Release and a $100 special assessment.  Petitioner appealed the sentence.  The Sixth Circuit Court of Appeals concluded that Petitioner waived the right to appeal his sentence as part of the written Plea Agreement and dismissed his Appeal on September 18, 2014.

Petitioner now argues that retroactive application of a new constitutional rule applies to his case, citing the Supreme Court's recent holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), because his prior convictions for Domestic Violence do not have a use of force element.

Respondent asserts that *Johnson* does not apply retroactively to the U.S. Sentencing Guidelines because it creates procedural rather than substantive changes in the sentencing process.  Respondent asserts that "Guidelines defendants" are defendants that were sentenced without any statutory enhancements, like the Armed Career Offender Act (ACCA), that imposed or raised a minimum sentence or increased the maximum sentence allowed by law.  Here, Petitioner was sentenced as a Career Offender based on his conviction under O.R.C. § 2919.25(A), which fully satisfies the

2

"elements" clause of U.S.S.G. §4B1.2.

Petitioner pleaded guilty with full knowledge of the potential imposition of a Guidelines sentence as a Career Offender, does not challenge the validity of his plea and assumed the risk that the Court would impose a Guidelines sentence.  Petitioner was not determined to be an Armed Career Criminal, and he received no enhancement under 18 U.S.C. § 924(e)(2)(B)(ii).  Therefore, the holding in *Johnson* does not apply to Petitioner's case and has no effect on the validity of his sentence.  Petitioner was properly sentenced under the guidelines and there is no basis for vacating and re-visiting his sentence.

IT IS SO ORDERED.

April 1, 2016                                              s/Christopher A. Boyko
Date                                                          CHRISTOPHER A. BOYKO
                                                                 United States District Judge

3